[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Presently before the court is defendant's Motion to Dismiss. Said motion should be granted.
On October 2, 1997, Theresa MacMullen, the plaintiff, filed a single-count negligence complaint against Villa Roma Country Club, Inc. d/b/a Villa Roma Resort Hotel, a New York resort hotel. The plaintiff alleges that on October 24, 1995, while staying at the Villa Roma as a guest, she slipped and fell as she was coming out of the shower in her room. The plaintiff alleges that the defendant's negligence caused her accident, and as a result of the fall, she suffered various injuries and incurred medical expenses.
The defendant filed an appearance on October 27, 1997 and filed a motion to dismiss on November 18, 1997, on the ground that the court lacks personal jurisdiction over the defendant. The plaintiff filed an objection to the motion on July 15, 1998.
"Because a lack of personal jurisdiction may be waived by the defendant, the rules of practice require the defendant to challenge that jurisdiction by a motion to dismiss . . . When a defendant files a motion to dismiss challenging the court's jurisdiction, a two part inquiry is required. The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process . . ." Knipple v. Viking Communications. Ltd.,236 Conn. 602, 605-06.
"[T]he court, in deciding a motion to dismiss, must consider CT Page 14593 the allegations or the complaint in their most favorable light . . ." Savage v. Aronson, 214 Conn. 256, 264. "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone . . . Where, however . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint . . ." Barde v. Board of Trustees, 207 Conn. 59,62.
"If a challenge to the court's personal jurisdiction is raised by a defendant, either by a foreign corporation or by a nonresident individual, the plaintiff must bear the burden of proving the court's jurisdiction . . ." Knipple v. VikingCommunications. Ltd., supra, 236 Conn. 607.
In its memorandum, the defendant argues that the court may not exercise personal jurisdiction over it as a foreign corporation because its contacts do not subject it to personal jurisdiction under Connecticut's long arm statute or under the due process clause of the United States constitution. The defendant has submitted an affidavit from Richard Sandler, the defendant's general manager in support of said argument.
In opposition, the plaintiff asserts that the defendant's repeated solicitation places it within reach of the Connecticut long arm statute. Also, the plaintiff contends that the defendant has sufficient contacts so that the court's exercise of personal jurisdiction would not violate the due process clause. The plaintiff has attached the following to her opposing memorandum: applicable case law, excerpts from the plaintiff's interrogatories, sample ads from the defendant's brochures and Internet website, and a copy of a sales contract.
 Jurisdiction under the Long-Arm Statute
General Statutes § 33-929 (e) (formerly § 33-411(c)) provides in pertinent part, "Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: . . . (2) out of any business CT Page 14594 solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state . . ."
Solicitation has been interpreted in the context of commercial advertising. Lombard Bros., Inc. v. General AssetManagement Co., 190 Conn. 245, 257.
Courts have not clearly set a specific guideline as to the level of repetitious solicitation necessary to bring a foreign corporation in reach of the long arm statute, "There is no established test for determining the quantum of solicitation activity that will suffice." Whelen Engineering v. TomarElectronics, 672 F. Sup. 659, 663 (D. Conn. 1987).
In addition to looking at the number of printed ads, the court should examine the totality of the defendant's conduct and connection with this state on a case by case basis, to determine if a foreign corporation is within reach of the long arm statute.Thomason v. Chemical Bank, 234 Conn. 281, 291, 661 A.2d 595
(1995).
The defendant through an affidavit from the defendant's general manager, Richard Sandler, asserts the following facts to demonstrate that its contacts with Connecticut do not bring it within reach of the long arm statute: 1) it does not transact any business in Connecticut, 2) it does not maintain any offices or a place of business nor employ any persons in Connecticut, 3) it does not maintain any mailing or telephone list in Connecticut, 4) it does not own any property, assets, or maintain any bank accounts in Connecticut, 5) it has not appointed a statutory agent for service of process in Connecticut, 6) it did not have any direct correspondence with the plaintiff, 7) it does not pay for any advertising initiated by travel agents in Connecticut, and 8) it has directed only a small percentage of its direct mailings toward Connecticut.
In opposition, the plaintiff alleges that the defendant has sent targeted mailings to Connecticut and has attended travel fairs in Connecticut. (Complaint, ¶ 3.) The plaintiff has submitted excerpts from the plaintiff's interrogatories in which the defendant admits to direct mailings to Connecticut residents. The defendant admitted that it sent 15,000 brochures twice a year, and approximately 450 of these brochures were sent to CT Page 14595 Connecticut residents. The brochures were sent to recent and past guests, and individuals who had contacted the defendant requesting information. The defendant also admits to placing seven advertisements in Cowboy Beat, a monthly country-western publication, from February, 1994 — October, 1995, and, since 1993, placing two seasonal circulars in Meeting News. Neither party has submitted evidence regarding the circulation of these publications within Connecticut.
In the present case, the defendant placed ads in the Cowboy Beat over an eighteen month period, but the plaintiff has not demonstrated that the publication's circulation reaches the level necessary to satisfy § 33-929 (e)(2). See generallyThomason v. Chemical Bank, supra, 234 Conn. 281 (defendant's placement of numerous ads in newspapers and magazines with substantial circulations in Connecticut constituted sufficient repetition under the long arm statute); Krpata v. Bio-TherapeuticComputers. Inc., supra, Superior Court, Docket No. 562741 (ads placed in a nationwide magazine found sufficient to satisfy long arm statute); Whelen Engineering v. Tomar Electronics, supra,672 F. Sup. 663 (ads placed in 30 publications circulated in Connecticut constituted sufficient repetitious solicitation under the long arm statute); McFaddin v. National Executive Search,Inc., 354 F. Sup. 1167 (D. Conn. lS73) (placing six ads over a six month period in the Wall Street Journal found to be sufficient repetitious solicitation to satisfy the long arm statute). Based upon the ads in Cowboy Beat and Meeting News, the defendant's solicitation does not rise to the level of solicitation as found in Thomason, Krpata, Whelan, or McFaddin; these solicitations alone do not bring the defendant within reach of the long arm statute. Compare Lombard Bros., Inc. v. General Asset ManagementCo., supra, 190 Conn. 245 (defendant's sporadic newspaper advertisements could not be characterized as repeated solicitation of business); Wylie v. Sapphire Beach Resort andMarina, supra, 15 CONN. L. RPTR. 188 (three advertisements within a year in the Hartford Courant not considered repetitious solicitation).
Plaintiff alleges that her trip to the defendant's resort in 1985 was arranged through Allington Senior Citizens Group. In plaintiff's memorandum of law, counsel state that "on at least three occasions, in 1990, 1993 and 1995" defendant solicited this group through mailings; copies of "documents" which constitute the mailings are attached to said memorandum. There is no showing of the circumstances of any of those mailings. CT Page 14596
Defendant's other activities do not demonstrate repetitious solicitation. Defendant maintains a toll free number; that number is accessible not only to Connecticut residents, but also to other potential customers who are not Connecticut residents. There is no showing of the use of said number by residents of Connecticut nor the source in Connecticut from which said number can be obtained.
Starting in 1996, defendant has maintained an internet website. See Inset Systems. Inc. v. Instruction Set. Inc.,937 F. Sup. 161 (D.Conn. 1996); E-Data Corp. v. Micropatent Corp.,989 F. Sup. 173 (D.Conn. 1997). There is no factual showing that any Connecticut resident actually accessed the defendant's website.
Defendant is not subject to personal jurisdiction under Section 33-929(e) of the Connecticut General Statutes because its contacts with Connecticut are insufficient. Accordingly, the Motion to Dismiss is Granted.
Fracasse, J.